Dear Mr. Ivon:
This office is in receipt of your opinion request wherein you posed the following questions:
1. Does a judge of the Traffic court of New Orleans have authority to fix bail "in [criminal] cases not capital" within its territorial jurisdiction or only "in criminal cases within their trial jurisdiction"?
2. Does a judge of the Municipal Court of New Orleans have authority to fix bail "in [criminal] cases not capital" within its territorial jurisdiction or only "in criminal cases within their trial jurisdiction"?
With regard to the first question, Louisiana Code of Criminal Procedure art. 333, states in pertinent part:
Art. 333. Authority to fix bail
The following magistrates, throughout their several territorial jurisdictions, shall have authority to fix bail:
(3) Mayor's courts and traffic courts in criminal cases within their trial jurisdiction.
LA R.S. 13:2501.1(F) states:
 G. The jurisdiction of [the Traffic Court of New Orleans] shall extend to the trial of violations of the ordinances of the city of New Orleans regulating traffic within the city of New Orleans. The jurisdiction of the court shall further extend to the trial of offenses involving traffic and the regulation thereof punishable by state statute including violations of the Criminal Code of Louisiana involving traffic and the trial of violations relating to street and highway regulatory laws and such other state laws as relate to the operation of a vehicle. The jurisdiction over state traffic offenses shall be concurrent with the Criminal District Court for the Parish of Orleans The traffic court shall have no other jurisdiction, and shall not have jurisdiction over the trial of any state offense that now or hereafter may require a trial by jury.
Article 333 of the Louisiana Code of Criminal Procedure specifies that traffic courts can set bail in criminal cases within their trialjurisdiction. LA R.S. 13:2501.1 goes on to explain the limitations of the jurisdiction of the Traffic Court of New Orleans. Although the statute says that the court's jurisdiction shall be concurrent with the Criminal District Court for the Parish of Orleans, this is limited to state traffic offenses. The statute also specifically says that the court has no other jurisdiction than that described in the statute. Therefore, we conclude that a judge of the Traffic Court of New Orleans is only authorized to fix bail in criminal cases within the court's trial jurisdiction.
Our office is not prepared to answer question two because there are insufficient facts given to address it and it is unclear whether this question is related to or based on an actual controversy. Furthermore, any inquiry as to the authority or jurisdiction of the municipal court of New Orleans should necessarily come from that court.
Respectfully yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ ARTHUR SCHAFER Assistant Attorney General
AS/ks/jy
Date Released: October 15, 2002